**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MICHAEL ALAN MEDRANO,**

**Plaintiff,**

**v.** **Case No. 26-C-1196**

**WISCONSIN COMMUNITY SERVICES,**
**STATE OF WISCONSIN,**
**CRYSTAL HERNANDEZ,**
**KRISTINE RADEZTSKY, and**
**SCRAM/BRACELET,**

**Defendants.**

---

# SCREENING ORDER

---

Plaintiff Michael Alan Medrano, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On August 19, 2026, the court screened and dismissed Plaintiff's complaint for failing to state a claim but allowed Plaintiff leave to file an amended complaint. This matter comes before the court to screen the amended complaint.

## SCREENING OF THE AMENDED COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and

states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff was issued an alcohol monitor from Wisconsin Community Services (WCS) for an OWI 5th. According to Plaintiff, the monitor started to eat away at his skin. Plaintiff showed the wound to Crystal Hernandez, who was employed by WCS. Hernandez told Plaintiff to let her know if the injury worsened. A week later, after looking at Plaintiff's right ankle, Hernandez

asked her supervisor to look at it. Hernandez' supervisor ordered that the monitor be removed, and the monitor was subsequently removed. Dkt. No. 12 at 2–3.

Plaintiff went to the doctor because the infection in his ankle spread. A short time later, Plaintiff failed a mobile breathalyzer. Judge Domina asked if Plaintiff's ankle had healed. Plaintiff responded that it no longer contained puss. Judge Domina ordered that Plaintiff wear the ankle monitor again. When Plaintiff went to WCS, Hernandez advised that the monitor could not be placed on Plaintiff's left ankle and put the monitor back on Plaintiff's right ankle before Plaintiff's doctor cleared his injury. *Id.* at 3–4.

A week or two later, Plaintiff's ankle worsened. Hernandez told Plaintiff to keep an eye on his wound. Plaintiff's ankle was swollen, was infected, and contained puss. WCS ultimately removed the monitor, and Plaintiff's doctor advised that the monitor should not be placed on Plaintiff's skin. Plaintiff has scars and blotches on his legs as a result of the monitor. *Id.* at 4.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). WCS is a private corporation. *See Who We Are*, WCS, https://www.wiscs.org/who-we-are/ (last visited Sept. 16, 2026) ("WCS is a nonprofit human services organization."); *Wisconsin Community Services, Inc.*, WIS. DEP'T OF FIN. INSTIT., https://apps.dfi.wi.gov/apps/corpSearch/Details.aspx?entityID=6W10614&hash=1426305714&searchFunctionID==d65cdf9c-ec26-4f06-8e65-02ca6b5e27b6&type=Simple&q=Wisconsin+Community+Services (last visited Sept. 16, 2026) (noting that WCS is a "non-stock corporation").

"A plaintiff may only bring a § 1983 civil rights claim against a private corporation if the plaintiff alleges that the private corporation had a contract with the state and the plaintiff's injury was caused by an unconstitutional policy, custom, or practice of that corporation." *Halter v. Wright*, No. 23-cv-1219-pp, 2024 WL 2272665, at *3 (E.D. Wis. May 20, 2024) (citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 796 (7th Cir. 2014)) (cleaned up). Plaintiff does not allege that WCS had a contract with the State of Wisconsin or that he was injured as a result of any WCS policy, custom, or practice. Because WCS is a private corporation and not a state actor, it follows that WCS's employees are not state actors under § 1983. *See id.* Therefore, the amended complaint does not state a claim against WCS, Hernandez, and Radeztsky.

In addition, Plaintiff cannot assert a claim against the State of Wisconsin because it is entitled to Eleventh Amendment immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Finally, Plaintiff lists "scram/bracelet" as a defendant. "Scram/bracelet" is not a proper defendant.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 16th day of September, 2026.

William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.